**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,  :  <br>     Plaintiff,     : <br>                              : <br> v.                           : <br>                              : <br> ELMER DIAZ-ZUNIGA,            : <br>     Defendant.                : | CIVIL ACTION NO. <br> 1:14-CR-0466-WBH |

### **ORDER**

Defendant has filed a motion to suppress evidence, [Doc. 18], and a motion to dismiss the indictment for violation of the Speedy Trial Act, [Doc. 19]. In the Report and Recommendation (R&R) [Doc. 29], the Magistrate Judge recommends denying both motions. Defendant has filed an objection in which he takes issue with the recommendation that this Court should deny Defendant's speedy trial motion.

By way of background, Petitioner was apprehended by police for driving without a license. Upon determining that Defendant was in the United States illegally, the police turned him over to the federal Bureau of Immigration and Customs Enforcement (BICE). On November 13, 2014, BICE officials took Defendant into custody and reinstated a prior removal order. It appears undisputed that BICE did nothing further to effect Defendant's removal to his native Honduras. On December 22, 2014, thirty-nine days after his BICE detention began, the grand jury indicted Defendant for illegal reentry.

AO 72A
(Rev.8/82)

The Speedy Trial Act, 18 U.S.C. § 3161(b), requires that an indictment must be filed within thirty days of a criminal defendant's arrest. Defendant contends that, because his indictment issued thirty-nine days after his BICE detention began, the indictment should be dismissed. According to Defendant, while BICE detention is civil custody to which the Speedy Trial Act does not apply, his custody should be considered under the "ruse exception" where deportations "are used by the government as 'mere ruses to detain a defendant for later criminal prosecution." United States v. Drummond, 240 F.3d 1333, 1336 (11th Cir. 2001). In order for the ruse exception to apply, Defendant must present evidence "to establish that the primary or exclusive purpose of the civil detention was to hold him for future prosecution." Id. (citations and quotations omitted).

The Magistrate Judge concluded that, because Defendant failed to present evidence of any collusion between immigration officials and prosecutors, he had failed to demonstrate that he is entitled to invoke the ruse exception. Defendant argues that he does not have to demonstrate collusion. He further contends that the evidence he presented – (1) that the Government did nothing to deport Defendant between the date the order of removal was reinstated and the date of the indictment and (2) that effecting a deportation for Defendant would have been quite simple – is sufficient to show that his BICE detention should count under the "ruse" exception.

AO 72A
(Rev.8/82)

This Court generally agrees that a demonstration of collusion between immigration and prosecution officials is not the only way to establish that Defendant's detention was a ruse to detain Defendant for later prosecution. However, Defendant must do something more than show that BICE was slow and inefficient. Under Defendant's evidence, it is possible that BICE officials slowed their process down to give prosecutors time to obtain an indictment, but it is equally likely that the official responsible for calling the Honduran consulate to obtain travel documents was negligent or forgetful, or perhaps Defendant's file was sent to the wrong office. Because his evidence makes it no more likely that his detention was a ruse, Defendant has failed to overcome his burden.

Accordingly, it is hereby **ORDERED** that the R&R, [Doc. 29], is **ADOPTED** as the order of this Court. Defendant's motion to suppress evidence, [Doc. 18], is **DENIED** as moot and Defendant's motion to dismiss the indictment, [Doc. 19], is **DENIED**.

**IT IS SO ORDERED,** this 21st day of September, 2015.

WILLIS B. HUNT, JR.
Judge, U. S. District Court

AO 72A
(Rev.8/82)